# In the United States Court of Federal Claims

No. 19-1521C

(Filed: January 28, 2020)

| | |
|---|---|
| **ROY J. MEIDINGER,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **UNITED STATES,** ) <br> ) <br> Defendant. ) <br> ) | Claim for whistleblower award under Internal Revenue Code § 7623; unavailability of a remedy in contract because of statutorily mandated appeal to the Tax Court under I.R.C. § 7623(b)(4) |

Roy J. Meidinger, *pro se*, Fort Myers, FL.

Antonia R. Soares, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. for defendant. With her on the brief were Joseph H. Hunt, Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Plaintiff Roy Meidinger has brought suit in this court alleging that he is entitled to a whistleblower award from the Internal Revenue Service ("IRS") for information he provided concerning allegedly improper tax practices in the healthcare industry. He claims that his submission of that information created a contract with the IRS which he seeks to enforce in this court. He seeks damages, enforcement of his whistleblower claims, and an audit of the healthcare industry. Compl. at 4. The United States as defendant has responded with a motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim ("Def.'s Mot."), ECF No. 5, and Mr. Meidinger filed a response to that motion, *see* Pl.'s Resp. to Def.'s Mot. ("Pl.'s Resp."), ECF No. 8.[1]

---

[1] After the United States timely filed its motion to dismiss on December 2, 2019, Mr. Meidinger filed a motion for default judgment, asserting that the government had failed to file a timely answer to his complaint by December 2, 2019. *See* Pl.'s Mot. for Default Judgment ("Pl.'s Mot."), ECF No. 6. Because filings in *pro se* matters are manually filed, they may not appear on the court's electronic docket until a following business day, and this time lag may explain the basis for Mr. Meidinger's motion. The government's motion to dismiss, however,

Because this court lacks subject-matter jurisdiction, Mr. Meidinger's claim is DISMISSED.

## BACKGROUND[2]

In the fall of 2009, plaintiff Roy Meidinger submitted a Form 211 application to the IRS in which he provided information about allegedly improper tax practices at an exempt organization. *See* Def.'s Mot. App. at A1. A Form 211 application is the means by which an individual may seek a monetary award from the IRS pursuant to the whistleblower provision of the Internal Revenue Code ("I.R.C."), 26 U.S.C. § 7623. That statute requires the IRS to award whistleblowers between 15 and 30 percent of any proceeds generated by administrative or judicial actions based on whistleblower-provided information. I.R.C. § 7623(b)(1). Mr. Meidinger provided purportedly "detailed information and expert support documentation," which, he alleged, identified "one million taxpayers in the [h]ealthcare [i]ndustry that are involved in a kickback scheme." Compl. at 4. According to Mr. Meidinger, this "kickback scheme" involved a "conspiracy" whereby healthcare providers paid insurance companies kickbacks for referring patients to them and cancelled debts the insurance companies owed the providers. Compl. at 4. That arrangement, Mr. Meidinger claimed, had resulted in estimated tax revenue losses of nine trillion dollars. Compl. at 4.

The IRS chose not to proceed with an administrative or judicial action against the taxpayers in question and notified Mr. Meidinger of that determination by letter on June 11, 2012. Def.'s Mot. App. at A2. Undeterred by rejection, Mr. Meidinger commenced an action in the Tax Court, alleging abuse of discretion in denial of the award and failure to adequately explain why the information he provided had generated no investigations or audits. *Id.* In a motion for summary judgment, the IRS maintained that an award was not merited because the agency had not initiated administrative or judicial action or collected taxes based on the information. *Id.* Mr. Meidinger countered, however, that Section 7623(b) mandated payment of an award because the IRS created a contract with him when it confirmed receipt of his Form 211, thus obligating the IRS to investigate the taxpayers he had identified. *See id.* Because he had fulfilled his contractual obligations, Mr. Meidinger asserted he was entitled to an award, *id.*, but the Tax Court granted summary judgment to the IRS on August 30, 2013, *id.* at A4. The United States Court of Appeals for the D.C. Circuit affirmed the Tax Court, holding that Mr. Meidinger was not eligible for a whistleblower award "because the information [he] provided did not result in initiation of an administrative or judicial action or collection of tax proceeds." *Meidinger v. Commissioner*, 559 Fed. Appx. 5, 6 (D.C. Cir. 2014) (internal quotations and citation omitted).

Mr. Meidinger filed a second Form 211 application in May 2018, putting forward basically the same information, and the IRS rejected this renewed whistleblower claim both as "speculative" and because it "did not provide specific or credible information regarding tax underpayments or violations of internal revenue laws." Def.'s Mot. App. at A7. As before, Mr.

---

was timely received—even if it did not immediately appear on the docket—and therefore the motion for default judgment is DENIED.

[2]The recitations that follow do not constitute findings of fact by the court. Instead, the recited factual elements are taken from the complaint, the motion to dismiss, appended exhibits, and judicial notice of prior relevant decisions in other courts. No factual disputes are involved.

Meidinger commenced another action in the Tax Court challenging the denial, and in due course that Court granted the agency's motion to dismiss because the petition failed to allege the collection of any proceeds or the initiation of any administrative or judicial proceedings as a result of the information he had provided. *See id.* at A7-A8. Indefatigably, Mr. Meidinger again appealed the decision, and, correspondingly, the D.C. Circuit affirmed the Tax Court and reiterated its conclusion that he was not entitled to a whistleblower award because no proceedings were initiated and no tax revenue was collected based on the information. *See Meidinger v. Commissioner*, 771 Fed. Appx. 11, 12 (D.C. Cir. 2019).

In its decision, the D.C. Circuit made an observation relevant to the case now presented to this court, stating that "[i]nsofar as [Mr. Meidinger] seeks to pursue a breach of contract claim against the Internal Revenue Service, such a claim is properly filed in the U.S. Court of Federal Claims." *Id.* (citations omitted). Apparently acting on this suggestion, Mr. Meidinger filed his complaint in this court on September 23, 2019, claiming that "the submission of the whistleblower claim is the formation of a contract between the [w]histleblower and the Internal Revenue Service." Compl. at 4. He seeks both damages and an order that the IRS "strictly enforce [his] latest 211 [c]laim and audit the entire [h]ealthcare [i]ndustry." Compl. at 3.

## STANDARDS FOR DECISION

*Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to do so, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)). Furthermore, this court lacks jurisdiction over actions seeking equitable relief, such as a declaratory or injunctive remedy, that are not brought pursuant to the specific grants of authority to this court to issue such relief. *See Alvarado Hospital, LLC v. Price*, 868 F.3d 983, 999 (Fed. Cir. 2017) (citing *Richardson v. Morris*, 409 U.S. 464, 465 (1973)).

Mr. Meidinger, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[3]

---

[3] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of*

3

"Subject matter jurisdiction is an inquiry that this court *must* raise *sua sponte*." *Metabolite Labs., Inc. v. Laboratory Corp. of Am. Holdings*, 370 F.3d 1354, 1369 (Fed. Cir. 2004) (emphasis added). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ANALYSIS

The plain text of the whistleblower statute under which Mr. Meidinger brings his claim governs the decision in this case. As amended by the Tax Relief and Health Care Act of 2006, Pub. L. No. 109-432, the statute provides that "[a]ny determination regarding an award under [Section 7623(b)(1)] may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." I.R.C. § 7623(b)(4). This statutory text expresses a determination by Congress to commit subject-matter jurisdiction over review of decisions by the IRS under the whistleblower award provision to the Tax Court. That grant of jurisdiction is exclusive and precludes this court from also exercising jurisdiction over such claims. *See Capelouto v. United States*, 99 Fed. Cl. 682, 691 (2011) ("Because Congress has vested the United States Tax Court with subject matter jurisdiction over suits to recover an award under [S]ection 7623(b), such suits are beyond the jurisdiction of this court."); *DaCosta v. United States*, 82 Fed. Cl. 549, 555 (2008) ("[C]laims based upon [S]ubsection 7623(b)(1) are within the exclusive jurisdiction of the Tax Court.") (citation omitted).

Mr. Meidinger contends, however, that the basis for this court's jurisdiction is not Section 7623 but rather the existence of an implied contract, which implicates this court's Tucker Act jurisdiction. *See* Pl.'s Resp. at 2. In that respect, he draws upon the commentary by the D.C. Circuit in *Meidinger*, 771 Fed. Appx. at 2. He maintains that an award proffered in return for information, like that in Section 7623, constitutes an offer that may be accepted by performance, thereby forming an enforceable unilateral contract. *See id.* at 9-10. He seeks support from decisions holding that "[t]he offer of a prize or reward for doing a specific act, like catching a criminal, is an offer for a unilateral contract . . . . So long as the outstanding offer was known to him [or her], a person may accept an offer for a unilateral contract by rendering performance." Pl.'s Resp. at 10 (quoting *Simmons v. United States*, 308 F.2d 160, 164-65 (4th Cir. 1962)).

Indeed, prior to the 2006 amendments to the whistleblower provision, Section 7623 was construed to allow potential recovery in this court under a contract theory. *See Thomas v. United States*, 22 Cl. Ct. 749, 750 (1991). The 2006 amendments, however, added the provision that vests exclusive jurisdiction in the Tax Court to review action by the IRS to grant or deny awards. That change now renders the contract theory unavailing to confer jurisdiction on this court over applications submitted—as Mr. Meidinger's were—after the 2006 amendments became effective. Binding precedent precludes the formation of any contract under the facts presented. In *Merrick v. United States*, the Federal Circuit held that an enforceable contract arises under Section 7623 "only after the informant and the government negotiate and fix a specific amount

---

*Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for *pro se* litigants only.").

as the reward." 846 F.2d 725, 726 (Fed. Cir. 1988); *see also Amsinger v. United States*, 99 Fed. Cl. 254, 263 (2011) (concluding that plaintiff's claim failed "because the IRS [was] not alleged to have promised him a specific reward amount"). Mr. Meidinger does not allege that he negotiated a specific amount with the IRS. Indeed, the IRS denied his second application without significant discussion, and there is no suggestion that specific award percentages were ever mentioned. And because the IRS never initiated any proceedings or collected any tax revenue based on the information Mr. Meidinger provided, there would have been no basis for setting award percentages. Thus, in the absence of any negotiations or settlement on a fixed award amount, Mr. Meidinger cannot establish the existence of a contract that could possibly confer jurisdiction on this court.[4] As the Tax Court recently stated: "There's only one door whistleblowers can enter—the one unlocked by a determination from the IRS and opened by a timely petition with this Court." *Kasper v. Commissioner*, 150 T.C. 8, 18 (2018) (citations omitted).

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED. Mr. Meidinger's complaint shall be DISMISSED without prejudice for lack of subject-matter jurisdiction.[5] The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Senior Judge

---

[4]To the extent that Mr. Meidinger seeks declaratory or injunctive relief in the form of an order requiring an audit of the healthcare industry, this court also lacks jurisdiction because no statute confers such power on this court. *See First Hartford Corp. Pension Plan & Tr. v. United States*, 194 F.3d 1279, 1294 (Fed. Cir. 1999) ("The Court of Federal Claims, except for certain narrowly defined circumstances, is prohibited from granting equitable relief.") (citation omitted). Although several such grants to this court of power to enter equitable relief are contained in the Internal Revenue Code, *see, e.g.*, 26 U.S.C. §§ 6331(i)(1), (i)(4)(A); *see also Beard v. United States*, 99 Fed. Cl. 147 (2011), no similar grant of juridical authority applies to Mr. Meidinger's claims.

[5]As noted earlier, Mr. Meidinger's motion for default judgment, ECF No. 6, is DENIED.

5